**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

JFM-10-0372
JFM-10-0394
JFM-10-0403

FILED
DISTRICT COURT
DISTRICT OF MARYLAND
2010 JUL -8 P 1:59
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney | 6625 United States Courthouse<br>101 West Lombard Street<br>Baltimore, Maryland 21201-2692 | 410-209-4800<br>TTY/TDD:410-962-4462<br>410-209-4881<br>FAX 410-962-3124 |

June 17, 2010

Dimitri P. Georgantas, Esquire
Walter F. Becker, Jr., Esquire
Chaffe McCall LLP
New Orleans, Louisiana
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300

    Re:    <u>United States v. Irika Shipping, S.A.</u>

Dear Mr. Counsel:

    This letter confirms the plea agreement between your client, Irika Shipping, S.A. (hereinafter, "Irika Shipping" or "Defendant"), and the United States Attorney's Office for the District of Maryland and the Environmental Crimes Section of the United Department of Justice ("the United States" or "the government") in the above-captioned case. The terms of the proposed agreement, which will be submitted the Court pursuant to Rule 11(c)(1)(C), are as follows:

    1.    <u>Waiver of Indictment and Criminal Charges</u>.  Irika Shipping, having been advised through its representatives of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the government in Criminal Informations filed in the District of Maryland, the Western District of Washington, and Eastern District of Louisiana and as set forth below. Upon the filing of the Criminal Informations in the Western District of Washington and the Eastern District of Louisiana, the parties agree to seek concurrently the transfer of those Criminal Informations, pursuant to the provisions of Rule 20 of the Federal Rules of Criminal Procedure, to the District of Maryland for entry of the guilty pleas and for sentencing in that district. The pleas of guilty in the District of Maryland are to be entered by Defendant

through a senior corporate representative acceptable to the government and authorized by resolution of the Defendant's Board of Directors to enter pleas of guilty on Defendant's behalf and to appear and represent Defendant at sentencing in the District of Maryland. By entering these guilty pleas, Defendant hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offenses as set forth in the Criminal Informations and that the attached Joint Factual Statement (Attachment 1) dated this same day is an accurate statement of its conduct. Defendant agrees to enter pleas of guilty to the following charges:

    A.    District of Maryland

Count 1: Obstruction of an Agency Proceeding. Corruptly influencing, obstructing and impeding and endeavoring to influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security, in violation of Title 18, United States Code, Section 1505.

Count 2-4: Obstruction of Justice. Knowingly altering, destroying, concealing, covering up, a physical object and falsifying entries in a record and documents with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, in violation of Title 18, United States Code, Section 1519.

Count 5: Act to Prevent Pollution from Ships. Knowingly failure to maintain an accurate Oil Record Book in which all disposals of oil residue and discharges overboard of oily mixtures, slops from bilges and bilge water that accumulated in machinery spaces were fully recorded in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulation, Section 151.25.

Count 6: Act to Prevent Pollution from Ships. Knowingly failure to maintain a Garbage Record Book in which all discharges of garbage, as defined in Annex V of MARPOL 73/78, were accurately recorded, in violation of Title 33, United States Code, Sections 1907(d) and 1908(a) and Title 33, Code of Federal Regulations, Sections 151.55.

B.   Western District of Washington

Count 1: False Statements. Knowingly and willfully making and using false statements and writings within the jurisdiction of the U.S. Coast Guard and Department of Homeland Security in violation of Title 18, United States Code, Section 1001.

C.   Eastern District of Louisiana

Count 1: Obstruction of Justice. Knowingly altering, destroying, concealing, covering up, a physical object and falsifying entries in a record and documents with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, in violation of Title 18, United States Code, Section 1519.

2.   The Penalties. Defendant understands that the statutory penalties applicable to a corporate Defendant for each felony count of the offenses to which it is entering pleas of guilty are as follows: a maximum fine of either Five Hundred Thousand ($500,000.00) dollars, or twice the gross pecuniary gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d), a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(1), and a special assessment of Four Hundred ($400.00), pursuant to 18 U.S.C. § 3013(a)(2)(B). Defendant understands that, in addition to any other penalty, the Court may order the payment of restitution to any victim of the offenses pursuant to the provisions of Title 18, United States Code, Section 3663.

3.   Applicability of Sentencing Guidelines. Defendant understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, must be considered by the Court, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines which pertain to the sentencing of organizations do not determine the fine range in cases involving environmental and obstruction crimes, including the making of false statements, and the use of false writings. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation and community service.

4.  <u>Sentencing Agreement</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure, and in return for the complete fulfillment by your client of all of its obligations under this agreement, the government and defendant agree that the sentence to be imposed by the Court includes a total monetary penalty consisting of Four Million ($4,000,000.00) plus the mandatory special assessments discussed below. The parties agree that the sentence should be imposed as follows:

a.  <u>Criminal Fine</u>: Three Million of the total monetary penalty shall be designated as criminal fine.

b.  <u>Mandatory Special Assessment</u>: Defendant shall pay a special assessment of Four Hundred Dollars ($400.00) for each count of conviction. The total amount of special assessments is Thirty Two Hundred Dollars ($3,200.00). The specific special penalty assessments are set forth in paragraph 5 below.

c.  <u>Community Service</u>: One Million of the total monetary penalty shall be paid as organizational community service pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). The community service payments will be made to the National Fish and Wildlife Foundation and earmarked as indicated below. The National Fish and Wildlife Foundation ("NFWF") is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 3701-3709. Its purposes include the acceptance and administration of "private gifts of property for the benefit of, or in connection with, the activities and services of the United States Fish and Wildlife Service," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." <u>Id.</u> § 3701(b)(1), (2). NFWF is empowered to "do any and all acts necessary and proper to carry out" these purposes, including, specifically, solicitation, acceptance, and administration of "any gift, devise or bequest . . . of real or personal property." <u>Id.</u> § 3703(c)(1), (7).

d.  <u>Payments</u>: Defendant further agrees that if the terms of this Rule 11(c)(1)(C) Plea Agreement are accepted by the Court, that the special assessments, and community service payments shall be paid on the day of sentencing along with One Million Dollars ($1,000,000.00) toward the criminal fine. The remaining Two Million ($2,000.000.00) in criminal fines shall be paid within six months of the date of sentencing and in no event later than January 31, 2011. Payment is to be made in the form of a check payable to "United States District Court Clerk." Payment of the community service amounts shall be made payable to the "National Fish and Wildlife Foundation" as set forth in paragraph 7 below.

e. <u>Probation</u>: Defendant will be placed on organizational probation for the maximum period of five (5) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§ 8D1.1 and 8D1.2. The terms of probation shall include the following specific provisions, in addition to the Court's standard conditions:

(1) <u>No Further Violations</u>. Defendant agrees that it shall commit no further violations of MARPOL 73/78, federal, state or local law, and shall conduct all its operations in accordance with environmental laws of the United States.

(2) <u>Payments</u>. Payment in full of the monetary amounts set forth herein including all special assessments, fines and restitution, and community service.

(3) <u>Enhanced Environmental Compliance Plan</u>. Defendant agrees to develop, adopt, establish, implement and fund the environmental remedial measures set forth in the Enhanced Environmental Compliance Plan ("EECP"), attached hereto as Attachment 2, during its term of probation, consistent with sentencing policies set forth in USSG § 8D1.4. As set forth in Attachment 2, the Defendant has agreed to retain the services of an outside independent auditor and to fund a Court Appointed Monitor to review the adequacy of the EECP and the audits.

5. <u>Imposition and Allocation of the Fine, Special Assessment and Community Service</u>. Defendant shall pay the following amounts relating to the violations in each of the identified districts:

A. <u>District of Maryland</u>

(1) The Defendant shall pay a total monetary penalty in the amount of Three Million Dollars ($3,000,000.00).

(2) Two Million Two Hundred and Fifty Thousand Dollars ($2,250,000.00) of the total monetary penalty will be designated as criminal fine in the District of Maryland, allocated by counts as follows: Counts One through Four, Five Hundred Thousand Dollars ($500,000.00) per count; Count Five, Two Hundred and Fifty Thousand Dollars ($250,000.00); and Count Six, no fine.

(3) Pursuant to Title 18, United States Code, Section 3013(a)(2)(B), the Defendant shall pay a total mandatory assessment of Two Thousand Four Hundred Dollars ($2,400.00) for the six counts charged in the District of Maryland.

(4) In furtherance of the sentencing principals provided under Section 8B 1.3 of the Federal Sentencing Guidelines and Title 18, United States Code,

Section 3553(a), Defendant shall make organizational community service payment in the amount of $750,000.00. The parties agree that the community service funds paid to NFWF should be earmarked for funding proposals from non-profit organizations to improve and restore the water quality of Chesapeake Bay or other related aquatic or marine resources in the State of Maryland and to identify and report to law enforcement illegal and point source pollution with the potential to adversely impact Chesapeake Bay. Because the community service payments are designated as community service by an organization, Defendant further agrees that it will not seek any reduction in its tax obligations as a result of these community service payments. In addition, since these payments constitute community service as part of the Defendant's guilty pleas, neither Irika Shipping nor any related entity or agent will characterize, publicize or refer to these community service payments as voluntary donations or contributions.

B.  <u>Western District of Washington</u>

(1)  The Defendant shall pay a total monetary penalty of Five Hundred Thousand Dollars ($500,000.00).

(2)  Three Hundred and Seventy Five Thousand Dollars ($375,000.00) of the total monetary penalty will be designated as criminal fine in the Western District of Washington.

(3)  Pursuant to Title 18, United States Code, Section 3013(a)(2)(B), the Defendant shall pay a mandatory assessment of Four Hundred Dollars ($400.00) for the count charged in the Western District of Washington.

(4)  In furtherance of the sentencing principals provided under Section 8B1.3 of the Federal Sentencing Guidelines and Title 18, United States Code, Section 3553(a), Defendant shall make an organizational community service payment in the amount of One Hundred and Twenty-Fifty Thousand Dollars ($125,000.00). The parties agree that this portion of the community service funds shall be paid to the Puget Sound Marine Conservation Fund, which is administered by the National Fish and Wildlife Fund. The Puget Sound Marine Conservation Fund was established to finance the following types of projects within the Western District of Washington in the waters of Puget Sound and the Straits of Juan De Fuca and waters subject to tidal influence within that geographic area: (1) habitat conservation, protection, restoration and management projects to benefit fish and wildlife resources and the habitats on which they depend; (2) landowner outreach and incentive programs for restoration and management of natural resources; (3) public use and natural/cultural projects that benefit the Fish and Wildlife Refuge

System and other federal and state refuges, reserves, and specially protected natural areas; and (4) collaborative projects from local coastal communities seeking environmentally and economically sustainable solutions to natural resources problems. Because the community service payments are designated as community service by an organization, Defendant further agrees that it will not seek any reduction in its tax obligations as a result of these community service payments. In addition, since these payments constitute community service as part of the Defendant's guilty pleas, neither Irika Shipping nor any related entity or agent will characterize, publicize or refer to these community service payments as voluntary donations or contributions.

C.   <u>Eastern District of Louisiana</u>

(1)   The Defendant shall pay a total monetary penalty of Five Hundred Thousand Dollars ($500,000.00).

(2)   Three Hundred and Seventy Five Thousand Dollars ($375,000.00) of the total monetary penalty will be designated as criminal fine in the Eastern District of Louisiana.

(3)   Pursuant to Title 18, United States Code, Section 3013(a)(2)(B), the Defendant shall pay a total mandatory assessment of Four Hundred Dollars ($400.00) for the count charged in the Eastern District of Louisiana.

(4)   In furtherance of the sentencing principals provided under Section 8B 1.3 of the Federal Sentencing Guidelines and Title 18, United States Code, Section 3553(a), Defendant shall make an organizational community service payment in the amount of One Hundred and Twenty-Fifty Thousand Dollars ($125,000.00). The parties agree that this portion of the community service funds shall be paid to the National Fish and Wildlife ~~Fund and~~ earmarked for the purpose [Foundation] of funding habitat conservation, protection, restoration and management projects to benefit fish and wildlife resources and the habitats on which they depend in the Eastern District of Louisiana. Because the community service payments are designated as community service by an organization, Defendant further agrees that it will not seek any reduction in its tax obligations as a result of these community service payments. In addition, since these payments constitute community service as part of the Defendant's guilty pleas, neither Irika Shipping nor any related entity or agent will characterize, publicize or refer to these community service payments as voluntary donations or contributions.

6.   <u>Application of the Agreement</u>. This Agreement shall bind Defendant and its

subsidiaries, including all subsidiaries that technically manage and/or staff vessels, including but not limited to Irika Shipping and all successors-in-interest, if applicable, and all successors and assigns. Defendant shall provide to each undersigned prosecuting office with immediate notice of the following: any corporate name changes; any purchase or sale of vessels; any purchase, sale or reorganization of ship management companies; or any other change impacting upon or affecting this Plea Agreement and the EECP. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter Defendant's responsibilities under this Plea Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Plea Agreement.

7. No Retaliation. Defendant, through its authorized representatives, agrees that it will not take any adverse action against the officers and crew members for their participation in the events leading to this investigation and prosecution or for their role in testifying before the grand jry. Prohibited adverse actions include, but are not limited to, dismissal from service, refusal to offer future work assignments and negative performance review, where these actions are based in whole or in part on the officer's or crew member's participation in the events leading to this investigation and prosecution. This provision does not apply to any crew member who is charged for criminal conduct related to this investigation.

8. Cooperation. As part of this Plea Agreement, Defendant agrees that it will provide full and complete cooperation in any further investigation and/or prosecution of individuals in connection with potential violations of MARPOL, the Act to Prevent Pollution from Ships, false statements and related acts of obstruction involving the *M/V Iorana*.

9. Statements. At the time of sentencing the United States will bring to the Court's attention, and the Court will be entitled to consider, all relevant information concerning your client's background, character and conduct. This Agreement does not limit the right of Defendant or the government to speak at the time of sentencing or in connection with the pre-sentence investigation, consistent with the provisions set forth in this plea agreement and the Joint Factual Basis, to provide the Court or the United States Probation Office with evidence of all relevant conduct committed by Defendant. The Defendant will not make any contrary public statements regarding this agreement or the attachments hereto.

10. Non-Prosecution of Additional Offenses. As part of this Agreement and solely because of the promises made by Defendant in this Agreement, the government agrees not to criminally prosecute the Defendant or Katerina Maritime, S.A. in the

District of Maryland, Western District of Washington and Eastern District of Louisiana for any environmental offenses related to the *M/V Iorana* in addition to those set forth in the Criminal Informations and that are known to the government at the time of the signing of this Agreement. Further, in consideration of the agreement of Irika Shipping S.A. to serve the maximum period of five years probation subject to the terms of an Enhanced Environmental Compliance Program in the District of Maryland, the government agrees not to seek additional criminal charges against Irika Shipping S.A. or Irika Maritime S.A., in the Western District of Washington relating to the prior criminal prosecution involving the *M/V Irika* (*United States v. Irika Maritime S.A.* (W.D.WA No. CR06-5661RBL)). The government further agrees not to recommend to, or otherwise solicit, the U.S. Probation Office to initiate any probation revocation proceedings in the Western District of Washington in the case of *United States v. Irika Maritime, S.A.* (W.D.WA No. CR06-5661RBL) based upon the criminal conduct set forth in the Criminal Informations filed in this prosecution and relating to the *M/V Iorana*. The parties agree to file a joint motion in *United States v. Irika Maritime S.A.* (W.D.WA No. CR06-5661RBL) requesting that the defendant in this case, Irika Shipping, be permitted to assume all outstanding probationary obligations imposed against the defendant in that case. The joint motion will further request that the probationary obligations imposed in the Western District of Washington in *United States v. Irika Maritime S.A.* be consolidated with those to be imposed by the district court in this matter and that supervisory authority for both probationary terms be transferred to the District of Maryland.

Defendant understands and agrees that neither this paragraph nor this Agreement limits the prosecuting authority of any sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement applies only to crimes committed by the Defendant and has no effect on any proceedings against any Defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

11.     Breach of the Agreement. If the government determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this Agreement, the government may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law,

irrespective of whether it elects to be released from its commitments under this Agreement. Defendant recognizes that no such breach by it of any obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the government will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the government pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for ninety (90) days following any breach of the agreement, except to the extent that such defenses existed as of the date of the signing of this Agreement.

12.   Information For Probation Office. Defendant agrees that it will provide all available information requested by the United States Probation Office for the District of Maryland.

13.   Withdrawal of Plea Agreement. Defendant's plea will be tendered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the sentencing judge rejects this Plea Agreement, then it shall be null and void at the option of either the government or Defendant. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for ninety (90) days following any nullification or voiding of the agreement, except to the extent that such defenses existed as of the date of the signing of this Plea Agreement.

14.   Corporate Authorization. Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself and its subsidiaries to the terms of the Environmental Compliance Plan. At the time of signing this agreement, Defendant shall provide to the United States a written statement in the form of notarized legal documents certifying that Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed.

15.   Waiver of Appeal. Defendant, through its authorized representatives is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give Defendant the right to appeal other aspects of the conviction. In consideration of this agreement, Defendant knowingly and voluntarily agrees to waive the following rights:

a. The right, conferred by 18 U.S.C. § 3742, to appeal any sentence imposed by the Court for the conviction of these offenses, except if the sentence imposed varies from that agreed upon above under Rule 11(c)(1)(C);

b. The right to appeal any aspect of Defendant's conviction, including any pre-charge or pre-trial dispositions of motions or other issues; and

c. The right to bring any collateral attack against Defendant's conviction or sentence, except as it may relate to the effectiveness of its legal representation or as permitted under subparagraph (a) above.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts that were dismissed or not charged pursuant to this Plea Agreement. This Agreement, however, does not affect in any way the right of the government to appeal the sentence imposed by the Court.

16. <u>Voluntariness of the Plea</u>. Defendant, through its authorized representatives, acknowledges that it has entered into this Plea Agreement freely and voluntarily and that they have been fully advised by counsel, and that no threats or promises were made to induce it to enter the guilty pleas called for by this Plea Agreement.

17. <u>Completeness of Agreement</u>. This Agreement is the complete and only agreement between the parties. No promises, agreements or conditions have been entered into other than those set forth in this Agreement. This Agreement supersedes prior understandings, whether written or oral. This Agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court. This Agreement is effective upon signature by Defendant and all of the attorneys for the government.

If your client fully accepts each and every term and condition of this letter, please sign and have a representative of Irika Shipping sign the original and return it to me.

Sincerely,

ROD J. ROSENSTEIN                    IGNACIA S. MORENO

| | |
|---|---|
| UNITED STATES ATTORNEY<br>DISTRICT OF MARYLAND<br><br>By: _____ 7/8/10<br>P. MICHAEL CUNNINGHAM    Date<br>Assistant U.S. Attorney | ASSISTANT ATTORNEY GENERAL<br>ENVIRONMENT & NATURAL<br>RESOURCES DIVISION<br><br>By: _____ 7/6/10<br>RICHARD A. UDELL    Date<br>Senior Trial Attorney<br>Environmental Crimes Section<br>U.S. Department of Justice |
| JENNY A. DURKAN<br>UNITED STATES ATTORNEY<br>WESTERN DISTRICT OF WASHINGTON<br><br>By: _____ 7/8/10<br>JAMES OESTERLE    Date<br>Assistant U.S. Attorney | JIM LETTEN<br>UNITED STATES ATTORNEY<br>EASTERN DISTRICT OF LOUISIANA<br><br>By: _____ 7/8/10<br>DOROTHY TAYLOR    Date<br>Assistant U.S. Attorney |

    As an authorized representative of Defendant Irika Shipping, S.A., I have read this Agreement and carefully discussed every part of it with Irika Shipping'S criminal defense counsel. I understand the terms of this Agreement, including the Environmental Compliance Plan, and I voluntarily agree to those terms. Irika Shipping's attorneys have advised me of Irika Shipping's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to Irika Shipping other than those contained in this Agreement. No one has threatened or forced Irika Shipping in any way to enter into this Agreement.

_SIONIDIS CHRISTOS_ [signature]    _18-06-2010_
Authorized Representative    Date
IRIKA SHIPPING, S.A.
Defendant

    I am Irika Shipping S.A.'s attorney. I have carefully discussed every part of this Agreement with the authorized representatives of Irika Shipping. Further, I have fully advised the authorized representatives of Irika Shipping's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of Irika Shipping to enter into this Agreement is an informed and voluntary one.

[signature]    _6/18/10_
Dimitri P. Georgantas    Date
Defense Counsel
IRIKA SHIPPING, S.A.