

September 17, 2010

*VIA ECF/CM*
The Honorable J. Frederick Motz
Senior United States District Judge
    for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:    United States v. Irika Shipping, S.A.
         Crim. No: JFM-10-0372

Dear Judge Motz:

    I represent Rafael Eslit, Agustin Lelis, Ruel Postetades and Renato Torreliza, the four "whistle blowers" in this case for whom the government recommends[1] an award pursuant to the Act to Prevent Pollution from Ships ("APPS"), codified at Title 33, Section 1908(a) of the United States Code.[2] I am writing to request that, at sentencing in this case, which is currently scheduled for 9:30 a.m. on September 21, 2010, the Court reapportion the fines among the counts of conviction with the aim of increasing the award to my clients to account not only for their actions in reporting the APPS violations but also future difficulties they may encounter because of those actions.

    Among the counts to which the defendant pleaded guilty, only those charging a violation of 33 U.S.C. 1908(a) – in this case Counts Five and Six – permit an award to "the person giving information leading to conviction." 33 U.S.C. 1908(a) (2010). The sentencing court has discretion to make an award, which may be no greater than half of the fine for the violation. *Id.*

    I have reviewed the plea agreement between the parties and understand that the apportionment of the criminal fine of $2,250,000 in the District of Maryland is part of a plea agreement pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C). I do not know, but

---

    [1] *See* Government's Sentencing Memorandum in Support of Plea Agreement and Motion for Whistleblower Award, p. 13.

    [2] I represent Mr. Eslit, Mr. Lelis, Mr. Postetades and Mr. Torreliza pursuant to the Criminal Justice Act and, therefore, am not entitled to any portion of any award received by them.

1

cannot imagine, that the proposed allocation of that fine – $500,000 for each of Counts One through Four, $250,000 for Count Five and no fine for Count Six – was the result of a conscious effort to avoid an award to the "whistleblowers." Nevertheless, my aim is not to upset the agreement. I do not propose that the Court increase the monetary punishment, I am simply requesting that, at a minimum, the fines due under Counts Five and Six be increased to a total of $500,000 so that at least $250,000 may be divided among my clients.

That Messrs. Eslit, Lelis, Postestades and Torreliza deserve an award is beyond dispute. I need go no further than to cite to the government's sentencing memorandum which literally emphasizes that "the matter was referred for prosecution solely based on the evidence obtained from the whistleblowers."[3] Without naming him, the government's submission notes the actions of Mr. Torreliza in alerting the Coast Guard to the violations as well as providing documentary evidence. Mr. Torreliza, as stated, also solicited the support of the Second Engineer, Mr. Lelis, the Third Engineer, Mr. Eslit, and another Wiper, Mr. Postestades, who willingly gave statements to the Coast Guard regarding what had gone on aboard ship.

The government intends to provide the Court with additional information at the sentencing hearing in regard to the relative contributions of my clients. I can tell the Court, that during the eight months I represented them, my clients willingly participated in numerous and lengthy proffers and debriefings which – from my perspective – supplemented the government's basic and technical knowledge and enabled it go forward with its prosecution. Lacking the continuing cooperation of my clients, the government's case may not have been successful or been harder fought.

I also note that during that eight-month period, though my clients were paid their salary and maintained pursuant to a bond agreed to by the defendant, they had to endure a long period of enforced separation from their families and relative inactivity during which they spent most of their time in hotel rooms. All medical care had to be arranged with the defendant's agent, and though they were not imprisoned, their freedom was certainly restricted.

The government amply supports the policy justifications underlying an award to whistleblowers for APPS violations.[4] Absent the encouragement provided by such awards, the law might be virtually unenforceable. I have learned, in representing my clients, that the life of a seamen is hazardous and relatively low paying. There is a strict hierarchy aboard ship, and the failure to obey an order can result in loss of a job or rank or physical or verbal abuse. Each of my clients supports a family in the Philippines. In reporting the violations, they endangered not only themselves but certainly the economic well being of their families. Despite protections

---

[3] Government Sentencing Memorandum, p. 14.

[4] *Id.* pp. 15-17

The Honorable J. Frederick Motz
September 17, 2010

against retaliation, at the very least my clients may face ostracism from an industry that provides their sole livelihood. Instructive on this point is that one of my clients who reported a violation in a previous case, upon completion of that case, found that he had been blacklisted by the agency that previously found him work.

The government also presents a compendium of prior awards under 33 U.S.C. 1908(a).[5] If the Court adopts the request to increase the fines payable under Counts Five and Six to a total of $500,000 and grants half of that amount as an award, that award would appear to fall within the middle range of the matrix set by the cases cited by the government. Frankly, the actions of my clients may deserve more. But for Mr. Torreliza's initial report and the corroboration of the others, this second violation of environmental laws by the defendant would have gone unnoticed. In any event, my clients have no have no quarrel with the government's proposed apportionment of any award. They agree that 50 percent should be given to Mr. Torreliza and that the remaining sum be divided equally between Mr. Eslit, Mr. Lelis and Mr. Postestades. The resulting award – $250,000 to Mr. Torreliza and $83,333 to the others – would, at minimum, be recompense for the service they have rendered and the hazards they will almost surely encounter in the future.

Please contact me should you have any questions in regard to this matter.

Sincerely,

Paul D. Hazlehurst

cc: Richard A. Udell, DOJ
P. Michael Cunningham, AUSA
Walter Becker, Esquire
Gregg L. Bernstein, Esquire
Dimitri P. Georgantas

---

[5] *Id.*, p. 16, n. 6